IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF VIRGINIA
**Charlottesville Division**

| | |
|---|---|
| ATLANTIC COAST PIPELINE, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. |
| | ) 3:18cv00006-NKM |
| 0.07 ACRE, MORE OR LESS, IN NELSON COUNTY, | ) |
| VIRGINIA, LOCATED ON PARCEL IDENTIFICATION | ) |
| NO. 19-3-2A, IDENTIFIED AS "COMPOSITE PLAT | ) |
| SHOWING A PORTION OF THE PROPERTY OF | ) |
| WILLIAM O. JR & JANET R. SHELTON" IN THAT PLAT | ) |
| OF SURVEY BY P. MASSIE SAUNDERS, JR., L.S., | ) |
| RECORDED IN PLAT CABINET 3, SLIDE 577A, AND | ) |
| OWNED BY FENTON FAMILY HOLDINGS, LLC, | ) |
| | ) |
| and | ) |
| | ) |
| FENTON FAMILY HOLDINGS, LLC, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE THE TESTIMONY OF WILLIAM C. HARVEY, II CCIM, MAI

NOW COMES the Defendant, Fenton Family Holdings, LLC, by counsel, and for its Memorandum in Support of its Motion *in Limine* to Exclude the Testimony of William C. Harvey, II, CCIM, MAI states as follows:

## INTRODUCTION

This matter is an eminent domain proceeding in which the sole issue is the determination of just compensation owed to Defendant, Fenton Family Holdings, LLC ("Fenton") by Plaintiff, Atlantic Coast Pipeline, LLC ("ACP"). ACP intends to construct a 42-inch natural gas pipeline on the subject property. As part of the construction, ACP is acquiring temporary and permanent easements on the Fenton property.

In support of its position, ACP has engaged as an expert appraiser William C. Harvey, II, CCIM, MAI to opine on the amount of just compensation owed to Fenton. In accordance with the Pretrial Order entered in this matter (ECF No. 32), ACP disclosed an initial appraisal report, completed by Mr. Harvey, on September 14, 2018. On April 17, 2019, ACP disclosed a supplemental appraisal report completed by Mr. Harvey[1]. A copy of Mr. Harvey's supplemental report is attached hereto as "Exhibit A." Fenton deposed Mr. Harvey upon receipt of his supplemental report. At his deposition, Mr. Harvey testified that he no longer intended to testify to the opinions and conclusions set forth in his initial report, and that all his opinions and the bases therefore were contained in his supplemental report. See Harvey Deposition at 64:1-14, a copy of which is attached hereto as "Exhibit B." For the reasons stated herein, Mr. Harvey's report fails to meet the requirements of Fed. R. Civ. P. 26(a)(2)(b) and any testimony based thereon should be excluded.

## ARGUMENT

Fed. R. Civ. P. 26(a)(2) sets forth certain requirements for the disclosure of expert opinions. Among others, the rule requires that each expert prepare a written report that contains the "basis and reasons" for the expert's opinions and the underlying "facts and data." Fed. R. Civ. P. 26(a)(2)(b). "If a party fails to provide information or identify a witness as required by Rule 26(a)… the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. Fed. R. Civ. P. 37(c)(1).

"Expert reports must include the 'how' and 'why' the expert reached a particular result, not merely the expert's conclusory opinions." Brosville Cmty. Fire Dep't, Inc. v. Navistar, Inc.,

---

[1] Mr. Harvey's supplemental report was received one week after the Pretrial Order's deadline for filing dispositive motions and motions to exclude the testimony of expert witnesses.

2

No. 4:14CV9, 2014 WL 7180791, at *3 (W.D. Va. Dec. 16, 2014) (internal ellipsis omitted). "[T]he intention is that 'facts or data' be interpreted broadly to require disclosure of any material considered by the expert, from whatever source, that contains factual ingredients. The disclosure obligation extends to any facts or data 'considered' by the expert in forming the opinions to be expressed, not only those relied upon by the expert." Fed. R. Civ. P. 26(a)(2)(B) advisory committee's notes to 2010 amendments. As this court has held, an expert's report must include information the expert "generates, reviews, reflects upon, reads, and/or uses in connection with the formulation of his opinions, even if such information is ultimately rejected." Collier v. Land & Sea Rest. Co., No. 7:13CV104, 2015 WL 13705013, at *2 (W.D. Va. Sept. 18, 2015).

As confirmed by Mr. Harvey at his deposition, his report fails to meet the expert disclosure requirements of Rule 26(a)(2) and should therefore be excluded. Mr. Harvey testified that, in addition to his appraisal report, he maintains a work file of approximately 5,000 pages worth of documents that support his opinions. See Exhibit B at 38:16-17. These documents are not contained or listed in his actual report. Id. at 37:16-22 and 38:9-10. Mr. Harvey further testified that, in completing his analysis, there were certain comparable land sales that he considered and rejected. Documentation regarding these sales are contained in his work file but are not referenced in his report. Id. at 117:26-118:1. Mr. Harvey also testified that he considered the average daily rates for seven bed and breakfasts. Id. at 136:16-21. However, none of those rates are contained in his report, but are contained only in his work file. Id. See also Exhibit A at 24.

Mr. Harvey also did not include any supporting information for six regional bed and breakfast sales he considered. He did not include the names of the bed and breakfasts, the sales prices or the dates of the sales. See Exhibit A at 37. Again, Mr. Harvey stated that this

3

information is not set forth in his report, but is contained in his work file. Exhibit B at 140:7-25. As clearly shown by Mr. Harvey's deposition, his appraisal report falls far short of the requirements of Rule 26(a)(2). The report does not include the information Harvey "generate[d], review[ed], reflect[ed] upon, read[], and/or use[d] in connection with the formulation of his opinions, even if such information is ultimately rejected." Collier at *2. For these reasons, his testimony should be excluded.

Mr. Harvey further failed to include the requisite explanation of his analysis in his report. The report contains only "conclusory opinions" and does not include the "how" and "why" he reached his findings. See Brosville Cmty. Fire Dep't, Inc. at *3. Mr. Harvey's report contains several instances in which he failed to include the "how" and "why," most notably with regard to his cost approach analysis. When questioned about the basis of his cost approach, Mr. Harvey was unable to answer questions and stated that the information supporting his analysis is not contained in his report. He was asked to explain the time/location multiplier he used in his cost approach and stated, "I couldn't tell you what it is off the top of my head. It's on the documents. It's in the work file." Exhibit B at 123:13. He was then asked if this information was anywhere in his report, to which he replied "No." Id. at 123:16-17. Mr. Harvey was then questioned about the calculations he performed for the cost analysis and was unable to explain them or point to where it is explained in his report:

> Q: What is the base price per square foot before factoring the [time/location multiplier] that you used in this?
>
> A: I would have to look. The output is a function of my input and the computer's hedonic pricing model as modified. I don't know what those are. All I'm concerned with is what the output yielded.

Exhibit B at 123:18-24.

4

This lack of the "how" and "why" was evident again when Mr. Harvey was questioned about his income approach. When asked to explain how he calculated the "admin. miscellaneous" figure of $52,250 in his income approach, Mr. Harvey again stated that it was a function of a computer calculation, which was not explained in his report. Mr. Harvey could not explain the basis for how that number was derived and he was unable to provide any support for his opinions. He simply stated, "I would have to go back and look at the cell." Exhibit B at 128:4-6. Mr. Harvey failed to include any of the calculations or support for his opinions, and only provided his conclusory opinions. His failure to properly disclose the how he arrived at his opinions is a violation of the expert disclosure requirements and his opinions should therefore be excluded pursuant to Rule 37(c)(1).

## CONCLUSION

For the foregoing reasons, Defendant, Fenton Family Holdings, LLC, respectfully prays that its motion be granted and that the Court enter an order excluding from trial any testimony from Plaintiff's expert witness William C. Harvey, II, CCIM, MAI and for any other relief necessary to attain the ends of justice.

**FENTON FAMILY HOLDINGS, LLC**

/s/
Brian G. Kunze (VA Bar #: 76948)
Blake A. Willis (VA Bar #: 93854)
Russell G. Terman (VA Bar #: 93804)
WALDO & LYLE, P.C.
301 West Freemason Street
Norfolk, VA 23510
Telephone: (757) 622-5812
Facsimile: (757) 622-5815
bgk@waldoandlyle.com
baw@waldoandlyle.com
rgt@waldoandlyle.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that true and exact copies of the foregoing Memorandum in Support of Defendant's Motion *in Limine* to Exclude the Testimony of William C. Harvey, II, CCIM, MAI have been served upon the following via the CM/ECF system on this 13th day of May, 2019:

Richard D. Holzheimer, Jr., Esquire
John D. Wilburn, Esquire
N. Patrick Lee, Esquire
Kang He, Esquire
MCGUIRE WOODS LLP
1750 Tysons Boulevard, Suite 1800
Tysons, Virginia 22102

/s/
Brian G. Kunze (VA Bar #: 76948)
Blake A. Willis (VA Bar #: 93854)
Russell G. Terman (VA Bar #: 93804)
WALDO & LYLE, P.C.
301 West Freemason Street
Norfolk, VA 23510
Telephone: (757) 622-5812
Facsimile: (757) 622-5815
bgk@waldoandlyle.com
baw@waldoandlyle.com
rgt@waldoandlyle.com